UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAMS PHYSICAL THERAPY SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CAUSE NO. 1:13-CV-104 ) |
| SYSTEMS4PT, LLC, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Jay Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The Notice of Removal alleges that Defendant Systems4PT, LLC is a limited liability company comprised of individuals, a corporation, and a trust and attaches a list of these members' citizenship.  (Notice of Removal ¶ 6, Ex. B.)  This list indicates that the corporation referred to is Defiance Fund, Ltd., a Cayman Island exempt company (which is a corporation), and then states that "Defiance Capital, L.L.C. is the Investment Manager of Defiance Fund, Ltd." and has its principal place of business in New York.  (Notice of Removal Ex. B.)

Defendant's Notice of Removal, however, is inadequate for two reasons.  First, as to Defiance Fund, Ltd., a Cayman Islands corporation, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business."  *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1).  The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the

1

corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Thus, along with alleging that Defiance Fund, Ltd. is a Cayman Islands corporation, the Court must also be advised of where it maintains its principal place of business.

Confusingly, Defendant further states that Defiance Capital, L.L.C., is the investment manager of Defiance Fund, Ltd. and has its principal place of business in New York. (Notice of Removal Ex. B.) But it is unclear from this language whether Defiance Capital, L.L.C. is itself a member of Systems4PT, LLC or whether this information is simply superfluous. If Defiance Capital, L.L.C. is a member of Systems4PT, LLC, then the Court must be advised of the citizenship of all its members to ensure that none of them share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (noting that "the citizenship of an LLC for purposes of [ ] diversity jurisdiction is the citizenship of its members"). This citizenship must then be "traced through multiple levels" for those members of Defiance Capital, L.L.C. who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant Systems4PT, LLC, is ORDERED to supplement the record by filing an Amended Notice of Removal on or before April 19, 2013, properly alleging its citizenship by advising the Court of Defiance Fund, Ltd.'s principal place of business and, if necessary, the members of Defiance Capital, L.L.C. and their citizenship, tracing the citizenship

of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 5th day of April, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge